and my understanding we have one person here in person and I believe that's is that Mr. Patali? That's correct. Okay and then we have two people on video and my understanding is Mr. Sakai you intend to take seven minutes and Mr. Lee you intend to take eight is that a correct designation? That is correct that's correct your honor. All right and so are you going second Mr. Lee are you going first? I'll be going first. Okay so Mr. Sakai I'll give you your seven minutes no matter what if we carry over Mr. Lee beyond the eight minutes I won't make that cut into your time if they're judges questions otherwise Mr. Lee when you get to the eight if we don't have any more questions you need to stop so that Mr. Sakai gets his time all right so understood so Mr. Sakai you don't need to worry or feel like you have to jump through the screen to stop Mr. Lee all will handle that and then it's 15 minutes each side so we're ready to begin and Mr. Patali please state your name and appearance and if you wish to reserve any time let me know. Certainly my name is Alexander J Patali and I and Daryl Johnson I would like to reserve five minutes for okay let's see how that goes we'll try thanks. I do want to thank the court you know a free and an open a lively debate in a public forum this inspires faith faith by the people in the legitimacy of the government it's essential to maintaining the freedoms and the principles of individual rights within a government of limited powers that the belief by the people that the government is lawfully and properly administering its responsibilities without overstepping its authority is the glue that binds together our relatively free and certainly diverse great society it's a privilege and an honor to make these statements and these arguments before this court. Well we're happy to have you here today. Thank you. So let me just kind of because since we have limited time it's my understanding that you agree if collateral estoppel applies it bars the 1983 claim but you claim an exception is that correct? Absolutely Harper versus City of Los Angeles. Okay so why doesn't the fact that the plaintiffs challenge the veracity of the evidence at the probable cause hearing bar the 1983 action as a matter of law? Because at the preliminary hearing the presentation of the essential facts constituting probable cause were the product of a conspiracy which produced a series of false facts and circumstances going back 16 years before the matter was ever brought to a preliminary hearing. So we have my understanding just factually yes is we have two preliminary hearings and the first and at both times that your clients were bound over and I remember doing preliminary hearings it was a long time ago but I was as a judge and as a lawyer and the court says at the end of it essentially the court finds probable cause that the offense was committed and these are the people that committed the offense. So you're going primarily at the first preliminary hearing I believe no one really talks too much about the second one but I'm curious because they were bound over two times by different judges correct? So I don't is that have any bearing? It does your honor because the violation under 42 USC 1983 occurs because of a denial of substantive due process not procedural due process the procedure went along through the entire procedure got all the way to a jury trial where the first result was a hung jury and the second result was an acquittal. So due process was afforded to my clients however they were denied substantive due process in that because of the falsification of the facts at the preliminary hearing my clients attorneys could not raise a penal code section 995 motion to dismiss the action early on in the case because credibility of witnesses is always an issue of fact for the jury and because they faked the alleged murderer was not even in Pasadena on the night of the murder he was 70 miles to the north in Palmdale that essential fact was faked by the conspiracy by the testimony of Dana Arendt at the preliminary hearing who relied on the hearsay exception to tell the court what Artesia Daniels had told him 13 years after he had told Artesia Daniels what to say in a recorded statement. Well I know that the judge said something to the effect of I think that I'm not really considering the evidence that you're contesting I'm basing it on I think one of the officers and I believe the witness was Holmes I that I feel that that's sufficient probable cause here tell me about how we factored that in and whether that I think it happened we know what happened but how does that figure into the calculus here? Yes the court's reliance on the testimony of officer Mike Rodriguez that Devin Howard had told him in a recorded statement that he saw what he believed was driving south on Fair Oaks minutes before the shots rang out was insufficient in and of itself to raise probable cause to sustain the matter because there's no evidence without the lies of Dana Arendt parroting back what he had told Artesia Daniels to say without the lies of Eric Thomas placing Daryl Johnson in on the night of the murder. The prosecution never contested or contended that it was Dominique Evans who had committed the murder therefore there had to be a trigger man. Dominique is put in the car and there are people that they it doesn't seem that they entirely she was slapped over that seems to be somewhat uncontested right that's not recanted. She was slapped yes that's in her declaration and that and then the way that prosecution puts the case together she slapped and said something that someone's gonna pay for this and then later that night she returns after retrieving her boyfriend Daryl Johnson from the Navarro residence. Those were all the facts that were fabricated by the conspiracy so the exception to a finding of probable cause is clear because without the presence of the trigger person the alleged shooter in Pasadena on the night of the murder probable cause to sustain the matter falls apart. Do you do a lot of criminal work? I've done 75 criminal jury trials. So you've done a lot of criminal work. Yes. So if we it is not uncommon for people to recant is that what would that it's not unheard of let's just say it's not unheard of and so the way that we put that they put cases together is you put in every statement that someone said and then it it becomes up to the trier of fact or the person doing the preliminary decision to decide relative to when the statement was what went what is most likely the truth and probable cause isn't a terribly high standard so it's not obviously beyond a reasonable doubt your client's success they they know that obviously that causes a lower standard absolutely it is a lower standard but it still requires and this is covered in my brief it still requires the presence of certain basic elements establishing the fact that a crime has the ones that committed it's likely that they were the yes that there's probable cause for the crime and probable cause that they're the ones that yes the point is clear and it's made in my briefs you cannot have probable cause to sustain a matter if the suspect who allegedly shot the victim was not there was not some indication that he was at the scene of the murder at the time that it occurred and in this case without the product of the conspiracy without the lives of the co-conspirators those being Mike Rodriguez, Dana Arendt, Mark Lillienfield, Eric Thomas and Artesia Daniels and we have testimony from all of those witnesses and that's contained in the excerpts of record which I have submitted. Don't we have a district court that makes at least I counted about 11 undisputed facts that basically don't incorporate those prior recantations? Yes that's true but those are peripheral that none of those facts establish the presence of the alleged shooter in Pasadena on the night of the murder. The end the actual necessary fact that the shooter was present at the time of the murder is is missing from the equation and that does not equate to probable cause and the judge's reliance on the first of all the judge looks at the totality of the testimony so she had to rely on the lies that Daryl Johnson was in Pasadena on the night of the murder before she ever got to the testimony of Rodriguez regarding what minutes before or seconds before the shots rang out. So your argument is that the alleged fabricated evidence somehow taints the specific factual findings of the court? Absolutely and that's the principle of the exception to a finding of probable cause which would insulate the defendants, the appellees, from a Do either of my colleagues have any more questions of Mr. Patali? Okay if you want to reserve the four minutes and 25 seconds you have left that's where you are right now. Is that good? Is that what you would like to do or do you want to keep talking? Well I'd like to keep talking for a little bit. Well it's your time. Thank you. I would like this is a de novo review on a motion for summary judgment and in the matter of Anderson versus Liberty Lobby Inc. the Supreme Court held that clear and convincing evidentiary standard. Well that that was a First Amendment case so it's it's not factually on point but the point of that the why I addressed the court with that particular holding was that summary judgment this is the Supreme Court let's get it while it's good summary judgment will not lie if the dispute about a material fact is genuine that there is evidence that such a reasonable jury could return a verdict for the non-moving party so if we have a declaration from the appellants two declarations from the appellants clearly stating that Daryl Johnson was not in Pasadena on the night of the murder clearly stating that Dominique Evans never went back to the Navarro residence to pick up Daryl Johnson to take him to kill Jonas Jackson rather she testifies she just went straight home if we have a deposition testimony from Artisa Daniels who says in 1998 16 years before the case is even filed she is instructed to read from a script that Dana Arendt wrote and have that in a recorded statement that's a conspiracy and it was complete at the time that the recorded statement was made because there was an agreement a meeting of the minds to violate the law and there was an overt act in the making of the so the conspiracy was done as far as Artisa Daniels is concerned all the way back in 1998 let's move forward to October of 1998 Eric Thomas testifies in his deposition and it's in my excerpts of record that on October 31st of 1998 he is coached as to what to say at his recorded statement by Mark Lillienfield and Dana Arendt and he says all of the facts that put Daryl Johnson at the scene of the murder on the summer night in 1997 were all false he said these things just to get a good deal in his attempted murder case that was then pending and he makes it clear in his deposition that he lied at the preliminary hearing and he lied in his recorded statement that is probative factual evidence sufficient now you'll have no rebuttal time to overcome a motion for summary judgment. Thank you. Okay. So Mr. Lee, you're going to go ahead and you have eight minutes. Go ahead. I have a question. There's a cross appeal by the government. Correct. Cross appeals filed by the county of Los Angeles. Okay. So I'll ask them. I'll ask them about that because it hasn't been dismissed, but it wasn't really brief. So I'll ask them about it. Okay. I won't waste your time. Go ahead. Good morning. Your honors Arnold Lee on behalf of defendant City of Pasadena and Dana Arendt. May I please support the central issue before the court is whether there is probable cause for the arrest and prosecution of for the 1997 murder of 18 year old Jonas Jackson. This court should affirm the district court's granting of summary judgment because one and his claims are barred by collateral estoppel to fact independent of the alleged fabricated evidence furnished probable cause for the arrest and prosecution. And three, the court can also affirm that this records granting of summary judgment on any on any reasons supported by the record. Well, okay, if just assume hypothetically for a moment because I want to focus you if that collateral estoppel did not bar the plaintiff's 1983 claim, could the district court have granted summary judgment on any other grounds or would the case have to go to jury? The district court will still grant summary judgment because of this report found that there were sufficient evidence to establish probable cause when you take out the alleged fabricated evidence. And that's what they did in this case. They found that summary judgment was appropriate on these two independent grounds. Well, if you if you set aside the evidence that the plaintiff's content was fabricated, there are no witnesses who put johnson at the scene and no evidence of confession by johnson. So it seems like the case against him is based upon rumors, the relationship with Evans, the fact that he that he owned a handgun. So, you know, tell me why there's not at least a tribal issue on on whether there's enough to establish probable cause. I understood your honor. I like to address that by two points. The first quick one, probable cause, as you mentioned, as your honors have mentioned, is not a high bar. In fact, circumstantial evidence can build probable cause. And in U. S. P. D. S. Cited in our brief, there's been criminal defendants that have been convicted just by circumstantial evidence. So in that regard, direct evidence is not necessary, um, even to convict, let alone for probable cause, the probable cause standard. Second, the two main witnesses, or at least three. If you count my client dinner or rent that plaintiffs are alleging to have falsified statements and or testimony are our teacher Daniels, Eric Thomas and again, Dana or rent. One of the other witnesses, Pamela Lett, which plaintiffs attempts to contend falsified her statement actually did not throughout the entire record. There's no evidence that she said anything that indicated that she falsified anything or that whatever she told Detective Rodriguez was a lie. Rather, rather, she indicated at the first preliminary hearing two things that I'm not a witness to anything. And two, I don't remember the first part. I'm not a witness to anything. That's an out of context statement that she made when she was responding to the preliminary judge when Pamela Lett claimed that she was never subpoenaed. Therefore, she shouldn't be there. So that statement alone is an out of context, immaterial statement. The second statement. I'm not a witness or sorry. I don't remember, as defendants mentioned in our briefing and Federal Elections Commission versus Teledano. I don't know. I don't recall. And those statements do not create a travel issue. Her statement indicates and actually placed Plaintiff Johnson at the scene because one her statement to Rodriguez indicate one that Johnson and Evans drove up to the scene and two that Johnson admitted to the shooting and three that the shooting was an accident. So if you look at her statements that actually places Johnson at the scene, despite the fact that even if we take out Eric Thomas and Artesia Daniels and again, if we look at the record in detail, there is no material fact contradicting her statements to Detective Rodriguez. I understand that plaintiffs have similar declarations saying, among other things that, for example, for Plaintiff Johnson that he did not confess, so to speak, to Pamela Lett. But as also mentioned in our brief, that does not create a tribal issue of material fact for two reasons. One, it doesn't mean Pamela Lett's statements were false or that the detective knew about it. And two, it doesn't create a material fact dispute as to what Lett told the investigator, which is what was relied upon and what was presented to the court. It sounds more like an evidentiary law school question, evidentiary question, but bottom line is the declaration is a material and it doesn't create that tribal issue of material fact as it statements and testimony. Does it matter that all of these statements were before the judge hearing the preliminary hearing? And so the issues of credibility were front and center in the preliminary hearing. Does that matter on the collateral estoppel argument? Two points on that, Your Honor. First, in SCR 2308, it begins where Judge Ford stated on the record the basis for her in finding probable cause. And I quote that she said, this is starting starting on line 26. The testimony I heard just from Detective Rodriguez as to some of the statements made by the witnesses from the interviews, and I'm paraphrasing, I believe there's a strong suspicion that both defendants committed crime and therefore she held them to answer. So she already stated clearly on the record that she parsed through and she's ignoring all the other alleged falsified statements and testimony in her probable cause determination. Second of all, on the issue of credibility, the Plaintiff Council argued before the preliminary, sorry, the plaintiff's argue at the preliminary hearing stage that the witnesses all lied. In fact, that he argued that they all did lie. So this argument was before the court and fully litigated during the 2013 preliminary hearing. And before Judge Schwartz made her final comment holding plaintiffs to answer, she reiterated that during this preliminary hearing, her obligation is to determine if the evidence sufficient and if credible to support the charges. And again, this is SCR 2308. She made that determination after the arguments by plaintiffs. So in that regard, she did make a credibility determination and that forecloses plaintiff's argument as to the exception in McCutcheon because in Green versus Bank of America, there's an exception to the exception, which applies in this case. In Green, although it's a state court case, intermediate court, this circuit in Patterson versus City of Yuma, and I have the citation if your honors wish to have it, this court did recognize that doctrine in if the credibility is an issue, it had been assessed and it was addressed. And this falls within the exception to the exception. Let me just ask you one question about the second preliminary hearing was actually years later, but in front of a different judge. So what does that how does that factor in? And that judge also found probable cause. How does that factor in? Does that help you hurt you? What is that? No one really. I'm just trying to figure out how that seems to focus on the first one. Understood, Your Honor. I think it's neutral in a sense that because the case was dismissed under 13 87, my understanding is under state law, they have to hold a second preliminary hearing. But that doesn't invalidate. At least we contend doesn't invalidate the finding from the first preliminary hearing. Well, no, that's that's obviously clear. But what I'm trying to then you have another someone independent, finding probable cause again, and I'm not sure why no one's talking about it. The difference in that case, to be frank, Your Honor, is that judge as any state court. My understanding is he just held the plaintiff's answer without stating specific basis as to what he was relying on, which is not what happened here in terms of what Judge Terry Schwartz did, where she stated clearly on the record that she did not rely on the falsified evidence. I think that's the main difference. And then I know my time is up. So I just like to again request the court to affirm the respectfully request the court to affirm the district court's order. And and I will yield the rest of my time to county defendants. Thank you. Well, you don't have any extra time. So you've used gone over. But let me make sure my there's nothing to yield. It's but do either judges Thomas or for me to have any questions they'd like to ask Mr Lee. Okay, thanks. Thank you, Your Honors. Okay, so then we'll go to you, um, with seven minutes. Go ahead. Thank you. May it please the court. Raymond Sakai on behalf of Appellee's County of Los Angeles and detectives Michael Rodriguez and Mark Lillenfield. My my colleague from Pasadena has addressed many of the What I would like to do is focus on the conduct in the claims against the county individuals. Tell me. Tell me first, though, about what about your appeal? You said you're gonna dismiss it. It's not dismissed. So we're gonna have to. It looks like it's sort of a prophylactic appeal. But on the other hand, if you don't dismiss it before we decide the case, we'll have to deal with it. But you didn't brief it either, right? So what did you abandon it? What's the story here? Yes, Your Honor. The county is is abandoning their cross appeal based on the denial of costs at the summary judgment motion. And to the extent we can, we'd like to make the the oral motion under F. R. A. P. 42 to dismiss. If if not, we could file a motion to dismiss. Um, okay, regarding the the conduct regarding the conduct of Deputy are Detective Rodriguez. Uh, there is no disputed issue of fact that he was not involved in the 1998 interview with Mr Thomas, which appellants point out is one of the alleged fabrication of evidence. It's undisputed that during the deposition of Mr Thomas, he said that Detective Rodriguez never told him to lie and that he well, he never told him to lie. Um, as for the allegations against Detective Lillenfield, the main allegation is his participation or alleged participation in the October 1998 interview in Mr Thomas's deposition. On on multiple occasions, he stated that Detective Lillenfield never told him what to testify, never told him to lie. And it was just his speculation that Lillenfield would give him something in return for his testimony or show him leniency. Because there is no respondeat superior in 1983 litigation, there's no grounds, or at least there's no tribal issue, genuine issue of material fact as to plaintiff's claims versus both Detective Rodriguez and Detective Lillenfield. And I think you might have. Okay. I don't know if you froze or unless the court has any questions. Um, I have the county would rest or submit. Well, okay. So you've got three minutes and 45 seconds left. If your other side wants to use it, you can use it. Or, um, we're done with your side. What's the Okay, Mr Lee, do you want to use any of that time? Sure. If that's okay, Your Honor, I'd like to just briefly address two points that Plaintiff counsel made during his his oral arguments. First is the this section plaintiff focused a large chunk of the brief on this section and their reply. However, I just wanted to make a note for the court that that to sustain a claim under 1985 3, the plaintiff must show some racial or perhaps otherwise class based, invidiously discriminatory animus behind the conspirators action. Here, there's none of that in the record. So even looking at this plaintiffs has failed, cannot proceed on this claim even at a threshold level on the substantive due process claim that plaintiff raised very, very briefly. I don't believe there is a substantive due process claim in looking at the complaint. All the allegations in terms of the constitutional claim follows with the fact the quote that the plaintiffs equal rights. I'm sorry. The plaintiffs equal right plaintiffs were violated their rights to equal protection, not rather a substantive due process. So to the extent that plaintiffs are adding as new claim, it's improper and definitely cannot be done on a reply on on appeal. So with those two points, I will submit as well. All right. Any questions? No.  Yeah. All right. We're ready for rebuttal. Then. Thank you. I'd like to draw the court's attention to the matter of McKenzie versus land. Now, one of the statements in that course, that's a Ninth Circuit case. It's 738 F2D at page 1005. Probable cause exists where the facts and circumstances within the officer's knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a person. It's written as man in 1984. I've changed it to person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested. The critical words there, your honors, is within the officer's knowledge and reasonable belief by the officers. Herein, it would be impossible for the appellees to claim that they had probable cause to over because they themselves created the false facts, which they solicited from the Koch conspirators with the intent to falsely arrest and prosecute the appellants. McKenzie versus lamb is on point, but the one difference between this case and McKenzie versus lamb is that the process and McKenzie versus lamb occurred over a matter of months. In this case, and that goes to the egregiousness of the conduct, the conspiracy was created in 1998 and not manifested in a prosecution until 16 years later in 2013 and all of them knew it was false and that's in probative substantial evidence by the declarations and the deposition testimony, your honors. I think I've stated the appellant's case properly. Thank you. Thank you so much. Let me make sure we don't have any additional questions. So no questions. We don't have any more. But so thank you both for your arguments, your helpful arguments in this matter. It will stand submitted and you will hear from us in due course.
judges: CALLAHAN, THOMAS, Humetewa